IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| LINDA PERSINGER, | ) CASE NO.: 2:20-cv-00219 |
| | ) |
| **Plaintiffs,** | ) JUDGE: |
| | ) |
| v. | ) |
| | ) |
| LOWE'S HOME CENTERS, LLC, | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| | ) |
| | ) |

**LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL**

TO THE CLERK OF THE UNITED STATES DISTRICT COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Lowe's Home Centers, LLC ("Lowe's") hereby removes this civil action from the Circuit Court of Kanawha County, West Virginia, to the United States District Court for the Southern District of West Virginia. In support of this Notice of Removal, Lowe's states that this Court has diversity jurisdiction over this action and pleads as follows:

1. On or about December 31, 2019, Plaintiff commenced this action by filing a Complaint against Lowe's in the Circuit Court of Kanawha County, West Virginia, Civil Action No. 19-C-1264, a true and correct copy of which is attached as **Exhibit A**. Service was effectuated upon the West Virginia Secretary of State on January 7, 2020 and received by Lowe's designated agent for service of process on January 13, 2020.

2. On or about March 10, 2020, Plaintiff sent a written demand to Lowe's seeking $325,000 to resolve the claims set forth in her Complaint. (*See* March 10, 2020 Demand Letter, attached as **Exhibit B**).

11150423.1

3. Plaintiff Linda Persinger alleges that on or about March 25, 2018, she was "overtaken by the weight of fencing" Plaintiff's husband was moving to load onto a cart at the Lowe's store located in Logan, West Virginia. (*See*, Complaint, attached as **Ex. A**, at ¶¶ 10,11). As a result, Plaintiff alleges she was knocked to the ground and was knocked unconscious after striking her head on the concrete floor. (*Id.* at ¶ 12).

4. The named defendant is Lowe's Home Centers, LLC. (*See*, **Ex. A**).

## TIMELINESS OF REMOVAL

5. Pursuant to 28 U.S.C. § 1446(b)(1), "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." "The general rule is that the time for counting the days for filing notice of removal starts when the defendant is formally served with the summons and complaint making the defendant an official party to the action and requiring the defendant to appear." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48, 119 S.Ct. 1322 (1999). Service on a statutory agent is not service on the defendant that triggers the timeline for filing notice of removal. *Elliot v. American States Ins. Co.*, 883 F.3d 384 (4th Cir. 2018).

6. However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

7. This notice of removal is timely because less than thirty days have elapsed since receipt by Defendant Lowe's of a written demand made by Plaintiff in an amount exceeding $75,000.

## VENUE

8. Venue for this removal action is proper pursuant to 28 U.S.C. § 1441(a) because the Southern District of West Virginia is the United States District Court embracing Kanawha County, where the state court action was pending in the Circuit Court of Kanawha County.

## DIVERSITY OF CITIZENSHIP

9. This is a civil action in which there is complete diversity of citizenship between Plaintiff and Defendant.

10. Upon information and belief, Plaintiff Linda Persinger is a citizen of West Virginia. (*See*, **Ex. A** at ¶ 1).

11. With the exception of certain class actions, for purposes of diversity jurisdiction, the citizenship of a limited partnership or limited liability company is determined by the citizenship of its partners or members, regardless of the characterization of the partnership or membership. *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120–21 (4th Cir. 2004). *See also Central W. Va. Energy, Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

12. At the time of the commencement of this action and at the time of removal, Lowe's was and is a North Carolina limited liability company with its principal office in North Carolina. All of Lowe's members are citizens of North Carolina. Thus, Lowe's is a citizen of North Carolina.

13. Accordingly, there is complete diversity in this civil action, as required by 28 U.S.C. § 1332(a).

## AMOUNT IN CONTROVERSY

14. Plaintiff alleges that as a result of the incident described in the complaint, she sustained the following injuries and damages:

    a. Temporary and permanent injuries to Plaintiff's body;

    b.  Physical pain and suffering, mental anguish, and emotional distress;

    c.  Medical care and treatment, and will continue to incur medical bills and expenses in the future;

    d.  A loss of enjoyment of life; and

  e.  Other damages.

(*See*, **Ex. A** at ¶ 21).

  15.  On or about March 10, 2020, Plaintiff mailed a settlement demand letter to Lowe's seeking $325,000 to resolve her claim. (*See*, **Ex. B**). Of this sum, Plaintiff alleges she incurred $80,000 in medical bills. (*Id.*)

  16.  The Complaint does not specify the exact amount of damages sought by Plaintiffs or the amount in controversy in this case. However, based on Plaintiff's demand, the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

  17.  In the absence of an *ad damnum* clause with an amount over $75,000, removal is proper if the removing party can prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *McCoy v. Erie Ins. Co.*, 147 F.Supp. 2d. 481, 489 (S.D. W. Va. 2001).

  18.  "A settlement demand over $75,000 will generally be dispositive of the jurisdictional issue of the amount in controversy." *Scaralto v. Ferrell*, 826 F.Supp. 2d 960, 969 (S.D. W. Va. 2011). Indeed, "a demand in excess of the jurisdictional minimum should be treated as the amount in controversy, unless the plaintiff shows to a legal certainty that he cannot recover over $75,000." *Id.* at 968–69.

  19.  Plaintiff alleges she is entitled to compensatory damages in an amount sufficient to

compensate her for her losses and damages, pre-judgment interest, post-judgment interest, attorney's fees and costs, and other relief as the Court and/or jury deems just and proper. (*See* Complaint at 4, *ad damnum* clause).

20. Taking into account Plaintiff's demand exceeding the jurisdictional minimum, the amount in controversy exceeds the jurisdictional amount of $75,000. Therefore, the jurisdictional amount is established to satisfy the requirements of 28 U.S.C. § 1332(a).

## OTHER MATTERS

21. The Clerk of the Circuit Court of Kanawha County, West Virginia, will be requested to submit a certified copy of the entire state court record to this Court for filing.

22. In compliance with 28 U.S.C. § 1446(d), notice of filing this notice of removal is being filed with the Circuit Court of Kanawha County, West Virginia.

23. Defendant Lowe's is serving all other parties with written notice of the removal of this action.

24. This case is being removed subject to and without waiver of any challenges that Defendant Lowe's may have as to any claims or defenses that may be available to it.

WHEREFORE, Lowe's hereby removes this action from the Circuit Court of Kanawha County, West Virginia, to the United States District Court for the Southern District of West Virginia.

> *s/ Elizabeth L. Stryker*
> Monté L. Williams, Esq. (WV Bar #9526)
> Elizabeth L. Stryker, Esq. (WV Bar #13270)
> Steptoe & Johnson PLLC
> P.O. Box 1616
> Morgantown, WV 26507-1616
> Phone: 304-598-8000
> monte.williams@steptoe-johnson.com
> liz.stryker@steptoe-johnson.com
> *Counsel for Lowe's Home Centers, LLC*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### AT CHARLESTON

| | |
|---|---|
| LINDA PERSINGER, | ) CASE NO.: |
| | ) |
| Plaintiffs, | ) JUDGE: |
| | ) |
| v. | ) |
| | ) |
| LOWE'S HOME CENTERS, LLC, | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2020, I electronically filed the foregoing *"Lowe's Home Centers, LLC's Notice of Removal"* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record, provided they are CM/ECF participants. In addition, I have mailed complete copies of this filing to counsel of record via First Class US Mail:

        Brent K. Kesner, Esquire
        Shawn C. Gillispie, Esquire
        Kesner & Kesner, PLLC
        112 Capitol Street
        P.O. Box 2587
        Charleston, WV 25329
        *Counsel for Plaintiff*

        *s/ Elizabeth L. Stryker*
        Monté L. Williams, Esq. (WV Bar #9526)
        Elizabeth L. Stryker, Esq. (WV Bar #13270)
        Steptoe & Johnson PLLC
        P.O. Box 1616
        Morgantown, WV 26507-1616
        Phone: 304-598-8000
        monte.williams@steptoe-johnson.com
        liz.stryker@steptoe-johnson.com
        *Counsel for Lowe's Home Centers, LLC*

11150423.1