Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



USPS CERTIFIED MAIL™

9214 8901 1251 3410 0002 6428 12



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

LOWE'S HOME CENTERS, LLC
Corporation Service Company
209 West Washington Street
Charleston, WV 25302

**Control Number:** 251311
**Defendant:** LOWE'S HOME CENTERS, LLC
209 West Washington Street
Charleston, WV 25302 US

**Agent:** Corporation Service Company
**County:** Kanawha
**Civil Action:** 19-C-1264
**Certified Number:** 92148901125134100002642812
**Service Date:** 1/7/2020

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

EXHIBIT A

# SUMMONS

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**LINDA PERSINGER,**

    **Plaintiff,**

**v.**                                                       Civil Action No. 19-C-1264

                                                                    Judge Bloom

**LOWE'S HOME CENTERS, LLC,**

    **Defendant.**

**To:**   Lowe's Home Centers, LLC
         Corporation Service Company                  **(VIA Secretary of State)**
         209 West Washington Street
         Charleston, WV 25302

**TO THE ABOVE-NAMED DEFENDANT:**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon Plaintiff's attorney, Shawn C. Gillispie, whose address is Kesner & Kesner, PLLC, P.O. Box 2587, Charleston, West Virginia, 25329, an Answer, including any related Counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **thirty (30) days** after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint, and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by Counterclaim in the above-styled civil action.

Dated: 12/31/19                                                **Cathy S. Gatson, Clerk**
                                                                        Clerk of Court  by J Hughes

*[Stamp: ACCEPTED FOR SERVICE OF PROCESS / SECRETARY OF STATE OF WEST VIRGINIA / 2020 JAN -7 P 4:04]*

33007/149

# IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**LINDA PERSINGER,**

    **Plaintiff,**

2019 DEC 31 A 10: 39

CATHY S. GATSON
KANAWHA COUNTY CIRCUIT COURT

v.                                           Civil Action No. 19-C-1264

                                                      Judge Bloom

**LOWE'S HOME CENTERS, LLC,**

    **Defendant.**

## COMPLAINT

NOW COMES the Plaintiff Linda Persinger, by Counsel, who for her Complaint against Defendant Lowe's Home Center, LLC ("Lowe's") states as follows:

1. The Plaintiff Linda Persinger is, and at all times pertinent hereto has been, a citizen and resident of Madison, Boone County, West Virginia.

2. The Defendant Lowe's is a foreign limited liability company, licensed to do business and doing business in locations throughout West Virginia, including in Kanawha County, West Virginia.

3. The incident that gives rise to this Complaint occurred at the Defendant's Store #0588, located at Norman Boulevard, U.S. Route 119, Logan, West Virginia.

4. Jurisdiction and venue are proper in the Circuit Court of Kanawha County, West Virginia, as Defendant Lowe's is present and conducts ongoing business at multiple locations in Kanawha County.

5. On March 25, 2018, the Plaintiff Linda Persinger and her husband, William Persinger, entered into Defendant Lowe's store located at Norman Morgan Blvd., U.S. Rt. 119, Logan, West Virginia, for the purpose of purchasing wood privacy fencing for their home.

33007/81

6. As the Plaintiff and her husband located the fencing they were interested in purchasing, they tried to find an associate to help them load it, but their search for an associate was unsuccessful.

7. As the Plaintiff and her husband could not locate a Lowe's associate to assist them, they attempted to load the fencing themselves.

8. Defendant Lowe's wood privacy fencing was not located on a shelf but, rather, was stored standing straight up on the floor, with only a wire holding the many pieces of fencing in place.

9. There were no signs or warnings on the fencing or the thin wire regarding the weight of the fencing or the hazards of moving the fencing.

10. Plaintiff's husband began removing fencing to load onto a cart and the Plaintiff held the fencing in place.

11. As the Plaintiff was holding the fencing in place, she was overtaken by the weight of the fencing, and multiple pieces of fencing fell into her, knocking her hard to the concrete floor, as other pieces of fence fell on top of her and completely covered her up.

12. As Plaintiff was knocked to the ground and struck her head on the concrete floor, she was knocked unconscious.

13. Plaintiff's husband attempted to lift the fencing off of Plaintiff and began to yell for help.

14. Eventually help was provided and the fencing was removed off of the Plaintiff and the Plaintiff was transported to the hospital for medical care.

15. At all times relevant hereto, the Plaintiff conducted herself in a non-negligent manner, and did nothing to cause or contribute to the subject accident.

16.     Defendant Lowe's negligently, carelessly, and recklessly stored its wood privacy fencing in a manner that was unsafe to the general public, which was invited into Defendant's facility to shop and to purchase home improvement materials, such as the fencing involved in the subject accident.

17.     Defendant Lowe's negligent, careless, and reckless conduct included, but was not limited to its failure to provide a safe means for the Plaintiff and her husband to remove and load the fencing involved in the accident.

18.     Defendant Lowe's owed a duty to the Plaintiff to provide a reasonably safe place for the Plaintiff to shop, and to store its merchandise in a manner that provides for easy and safe access.

19.     When merchandise is stored in a manner that presents risks and hazards to customers wishing to view and/or purchase the merchandise, then Defendant Lowe's had a duty to provide reasonable warnings of the dangers to its customers.

20.     Defendant Lowe's breached its duties to the Plaintiff by failing to provide a reasonably safe place to shop; by storing privacy fencing in an unsafe manner; and by failing to provide reasonable warnings to the Plaintiff and other customers regarding the risks and hazards related to accessing the fencing.

21.     As a direct and proximate result of Defendant Lowe's negligence, carelessness, and reckless conduct, the Plaintiff was caused to sustain serious injuries and damages, as follows:

    a.     The Plaintiff sustained both temporary and permanent injuries to her body;

    b.     The Plaintiff suffered, and will continue to suffer in the future, physical pain and suffering, mental anguish and emotional distress;

  c. The Plaintiff required medical care and treatment, and has incurred, and will continue in the future incur necessary medical bills and expenses;

  d. The Plaintiff has suffered a loss of enjoyment of life, and will continue in the future to suffer loss of the enjoyment of life; and

  e. The Plaintiff has been otherwise damaged.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant Lowe's in an amount sufficient to compensate her for her losses and damages; for pre-judgment and post-judgment interest; for her recoverable attorney fees and costs; and for such further and additional relief as the Court and/or jury deems just and proper.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY.**

                **LINDA PERSINGER,**

                **By counsel,**

Brent K. Kesner (WVSB #2022)
Shawn C. Gillispie (WVSB #9015)
**Kesner & Kesner, PLLC**
112 Capitol Street
P. O. Box 2587
Charleston, WV 25329
*Phone:* (304) 345-5200
*Fax:* (304) 345-5265