## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

**LINDA PERSINGER,**

      **Plaintiff,**

**v.**                                        **Civil Action No. 2:20-CV-00219**
                                                **Honorable Irene C. Berger**

**LOWE'S HOME CENTERS, LLC,**

      **Defendant.**

### MOTION FOR REMAND

COMES NOW the Plaintiff Linda Persinger by counsel, who moves the Court to remand this action to the Circuit Court of Kanawha County, West Virginia (the "State Court"). The untimely removal by Defendant Lowe's Home Centers, LLC (Lowe's), is an irreparable defect.

### STATEMENT OF FACTS

Plaintiff filed this personal injury action in State Court on December 31, 2019. The Summons and Complaint were timely served upon Defendant Lowe's through the West Virginia Secretary of State's Office on January 7, 2020, and was received by Lowe's agent for service of process on January 13, 2020. Because more than thirty (30) days elapsed between the time Lowe's was served and the *Notice of Removal* was filed, the removal was untimely.

In her *Complaint*, the Plaintiff asserts that Defendant Lowe's is liable for personal injuries she received on March 25, 2018, when multiple pieces of wood privacy fencing fell onto her and knocked her to the ground, while she and her husband were shopping at Lowe's Store #0588 in Logan, West Virginia. (See the *Complaint*, at Paragraphs 5-12.) Plaintiff also alleges that when she

was knocked to the ground, she struck her head on the concrete floor, and knocked unconscious. (See the *Complaint,* at Paragraph 12.)  Plaintiff goes on to allege that Lowe's was negligent in "failing to provide a reasonably safe place to shop; by storing privacy fencing in an unsafe manner; and by failing to provide reasonable warnings to the Plaintiff and other customers regarding the risks and hazards related to accessing the fencing." (See the *Complaint*, at Paragraphs 16-20.)

In Paragraph 21 of her *Complaint*, the Plaintiff alleges:

As a direct and proximate result of Defendant Lowe's negligence, carelessness, and reckless conduct, the Plaintiff was caused to sustain serious injuries and damages, as follows:

a.      The Plaintiff sustained both temporary and permanent injuries to her body;

b.      The Plaintiff suffered, and will continue to suffer in the future, physical pain and suffering, mental anguish and emotional distress;

c.      The Plaintiff required medical care and treatment, and has incurred, and will continue in the future incur necessary medical bills and expenses;

d.      The Plaintiff has suffered a loss of enjoyment of life, and will continue in the future to suffer loss of the enjoyment of life; and

e.      The Plaintiff has been otherwise damaged.

(See the *Complaint,* at Paragraph 21.)

After Lowe's was served with the Plaintiff's *Complaint*, Anneliese Jaap, a representative of Lowe's, contacted Plaintiff's counsel and requested that counsel provide a demand package, as well as an extension of time for Lowe's to answer through March 13, 2020.  (See **Exhibit A**, the January 23, 2020 e-mail.)  Plaintiff's counsel responded by e-mail later that same day and granted the requested extension.  (See **Exhibit B**.)  While the necessary information for the demand package was being gathered, Ms. Jaap sent a follow-up e-mail on March 6, 2020, inquiring as to the status. (See

**Exhibit C**, the March 6, 2020 e-mail.)  Plaintiff's counsel responded by e-mail on March 10, 2020, to advise that the demand package was being sent and also granted an additional extension of time for Lowe's to answer. (See **Exhibit D,** counsel's e-mail.)  The requested demand package was sent later that day.  (See **Exhibit E**, the demand letter without attachments.)

On March 25, 2020, more than two months after being served with the Plaintiff's *Complaint,* Lowe's filed its *Notice of Removal* (Doc. 1.)  In its *Notice*, Lowe's expressly acknowledged, at Paragraph 1, that it had been served through the West Virginia Secretary of State on January 7, 2020, and that it received the Complaint on January 13, 2020, more than thirty (30) days before it filed the *Notice*.  Because Lowe's *Notice* was not filed within thirty (30) days of service, it was fatally defective and the Plaintiff now respectfully requests that the Court remand this action to the Circuit Court of Kanawha County, West Virginia.

## ARGUMENT

If no defendant is a citizen of the state in which an action is filed, the defendant(s) may remove the action to the federal district court if the amount in controversy exceeds "$75,000, exclusive of interest and costs[.]" pursuant to *28 U.S.C. § 1332(a)(1)*.  A removing defendant must file a notice of removal within thirty (30) days after receipt of the initial pleading pursuant to *28 U.S.C. § 1446(b)*, but:

> . . . if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

*28 U.S.C. §1446(b)(3).*  Based upon its *Notice Of Removal*, Lowe's is apparently asserting that it was entitled to remove this case under subsection (b)(3) following receipt of the March 10, 2020 demand

letter because it could not ascertain that the case was removable prior to that date.  (See the *Notice,* at Paragraph 7.)  In fact, it is clear that the Plaintiff's *Complaint* was subject to removal as soon as it was served and Lowe's was well aware of the fact that the amount in controversy was more than $75,000.00 from the beginning.

For purposes of removal "the amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal." *Sayre v. Potts*, 32 F.Supp.2d 881, 886 (S.D.W. Va. 1999). The Court ordinarily looks to a complaint's prayer, *Memorandum Opinion and Order*, *Lily's LLC v. Motorists Mut. Ins. Co.*, No. 5:09-cv-122 (N.D. W.Va. Jan. 12, 2010), dkt. 19, at 4 (citing *Sayre*, 32 F.Supp.2d at 887), but West Virginia does not permit, and the Plaintiff's *Complaint* does not seek a stated amount of damages. "[A]bsent a binding stipulation signed by [the plaintiff] that he will neither seek nor accept damages in excess of $75,000.00, the Court must independently assess whether the Defendants have proven by a preponderance of the evidence" that the complaint seeks more than $75,000.00. *Virden v. Altria Group, Inc.*, 304 F.Supp.2d 832, 847 (N.D. W. Va. 2004) (citing *McCoy v. Erie Ins. Co.*, 147 F.Supp.2d 481, 488-89 (S.D. W. Va. 2001)).  In this case, it is the Plaintiff's position that her *Complaint* clearly set forth a claim which placed Lowe's on notice that her action was subject to removal and that the amount in controversy exceeded $75,000.00.

On its face, the Plaintiff's *Complaint* alleges facts which support diversity of citizenship because it expressly alleges that the Plaintiff is a citizen of West Virginia, and that Lowe's is a foreign corporation, such that there is complete diversity.  With respect to the amount in controversy, the Plaintiff specifically alleges that she was knocked unconscious, that she has sustained "permanent injuries," and that she has "required medical care and treatment, and has incurred, and

will continue in the future incur necessary medical bills and expenses."  Moreover, the Plaintiff has alleged that she "suffered, and will continue to suffer in the future, physical pain and suffering, mental anguish and emotional distress."  When evaluating whether such claims meet the amount in controversy for removal purposes the Court "may consider the entire record" and "conduct its own independent inquiry" to assess whether the action meets the $75,000 requirement. *Lily's LLC*, No. 5:09-cv-122, dkt. 19, at 3 (citing *Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22, 23 (S.D.W. Va. 1994)). It "can look to evidence available at the time of removal[,]" including "the plaintiff's causes of action[,]" and "use its 'common sense'" to determine the amount in controversy. *Id.* at 4 (citing *Chase v. Shop 'N Save Warehouse Foods*, 110 F.3d 424, 427 (7th Cir. 1997); *Mullins*, 861 F. Supp. at 24).

In this case, Lowe's actually learned of the true nature of the Plaintiff's claims long before it was served with the Plaintiff's *Complaint*.  In a letter dated February 13, 2019, Plaintiff's counsel advised a representative of Lowe's as follows:

 As I told you in my letter, I will provide you with her medical records and bills on a CD once I have all of those.  I also informed you that my client went to the hospital after the accident and was life flighted to another hospital where she spent at least five (5) days in ICU for head injuries and other various issues.  Her medical specials will be substantial.

(See **Exhibit F**.)  Thus, Lowe's knew that the Plaintiff had been severely injured almost a year before it was ever served.  It also knew that the Plaintiff had been life flighted to another hospital during the course of her treatment and that she had spent five days in an ICU for head injuries.  In light of the well known cost of health care, including life-flight transportation by helicopter, common sense indicates that Lowe's already knew the Plaintiff had incurred many thousands of dollars in medical bills when it received her *Complaint* and read that she was also alleging permanent injury.

To suggest that Lowe's had no idea the Plaintiff's claims could be worth seventy-five thousand dollars ($75,000.00) under these circumstances strains the imagination.

Because it already knew that the Plaintiff had been life-flighted and had spent five (5) days in an intensive care unit, Lowe's was put on notice that all of the prerequisites for removal existed as soon as it received the Plaintiff's *Complaint*.  In the case of *Haythorn v. Erie Ins. Prop. & Cas. Co.*, No. CIVA 506CV67, 2006 WL 2595278, (N.D.W. Va. Sept. 11, 2006), the Court noted:

> The right to remove arises when a defendant is first put on notice that all of the prerequisites for invoking federal jurisdiction have been met. A failure to timely file a notice of removal constitutes a defect in removal procedure. Cades v. H & R Block, Inc., 43 F.3d 869, 873 (4th Cir.1994). A defect in removal procedure renders a case improperly removed. Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1076 (10th Cir.1999).

*Haythorn v. Erie Ins. Prop. & Cas. Co.*, at 1.  While Lowe's suggests that it did not learn of the amount in controversy until it received the Plaintiff's demand letter in March of 2020, it cannot ignore its own prior knowledge of the facts surrounding the Plaintiff's claims.  For example, in the case of *Marler v. Amoco Oil Co.*, 793 F. Supp. 656 (E.D.N.C. 1992), the Court took into account the fact that the Defendant had received demand letters before suit was filed, which advised of the underlying facts, and noted:

> The court believes that the complaint itself provided defendant the necessary information with which to research and ascertain that more than $50,000 was in controversy. Moreover, as a particularly illuminating example regarding defendant's knowledge of the requisite jurisdictional amount, plaintiffs in these three companion cases sent defendant two demand letters months before these suits were filed. Plaintiff's Reply Memorandum, Exs. 2 and 3. In these letters, plaintiff outlines in detail the elements of damages sought. Although no specific amount was provided, the nature of the claim compels the court to find that these letters leave little doubt that more than $50,000 was involved here. In light of this evidence, the court determines that defendant should have known within the 30-day time limit set forth in § 1446(b) that grounds for removal to this court existed.

*Marler v. Amoco Oil Co.*, at 659.  Similarly, in *Dugdale v. Nationwide Mut. Fire Ins. Co.*, No. CIV.A. 4:05CV138, 2006 WL 335628, (E.D. Va. Feb. 14, 2006), the Court found that an insurer could not simply ignore pertinent evidence of which it was aware prior to the filing of suit and explained:

> Thus, the demand letter, an "other paper" within the meaning of 28 U.S.C. § 1446(b), put Nationwide on notice that plaintiff was asserting claims pursuant to an SFIP. Therefore, relying on "the documents exchanged in the case," the court concludes that the information in the demand letter was sufficient to indicate that the case was removable. The court simply will not allow Nationwide to ignore pertinent evidence in its possession or the legal impact of such. See Hoffman v. Vulcan Materials Co., 19 F.Supp.2d 475, 478 n. 3 (M.D.N.C.1998) (noting courts' differing positions on a defendant's duty to ascertain the amount in controversy but stating that "a defendant should not be allowed to ignore plain evidence that plaintiff seeks damages in excess of the federal jurisdictional amount").

*Dugdale v. Nationwide Mut. Fire Ins. Co.*, at 7.  While Lowe's may direct the Court to cases, such as *Lovern v. Gen. Motors Corp.*, 121 F.3d 160 (4th Cir.1997), for the proposition that the Court need not look at Defendant's subjective knowledge, District Courts routinely refuse to ignore information which is clearly shown to be known to a defendant at the time of service.  For example, in *Bouvette v. Am. Water Works Serv. Co.*, No. 2:13-CV-14908, 2013 WL 4805750, (S.D.W. Va. Sept. 9, 2013), the Court noted:

> It is important that the defendants' argument is based on defense counsel's receipt of the information regarding fraudulent joinder, and not the defendant's receipt of the information. . . . Here, the plain language of the removal statute clearly states that the relevant date for determining the timeliness of removal is when the defendant receives a paper allowing it to ascertain the removability of the action. 28 U.S.C. § 1446(b)(3). The defendants cite to no case, and I have found none, supporting the proposition that the removal clock begins running when defense counsel receives a document from the defendant itself indicating that the action is removable.
>
> The defendants contend that the holding in Lovern v. Gen. Motors Corp., 121 F.3d 160 (4th Cir.1997), supports the argument that their notice of removal was timely filed. In Lovern, the Fourth Circuit found that Section 1446 "does not preclude

defendants from removing a case where their discovery of the grounds of federal jurisdiction is belated because facts disclosing those grounds were inadequately or mistakenly stated in the complaint." Lovern, 121 F.3d at 162. However, Lovern concerned a situation where the plaintiff had not indicated his own citizenship in the initial pleading. Id. at 161, 163. Thus, the court found that the defendant was not put on notice of the case's removability with the initial pleading, but rather was put on notice when it received "actual notice" of the plaintiff's citizenship. Id. at 163. The situation in Lovern is therefore easily distinguishable from this case, where the defendant had actual knowledge of its own corporate structure at the time the complaint was filed. See also Indus. SiloSource, Inc. v. Maplehurst Bakeries, Inc., No. 2:08-cv-00926, 2008 U.S. Dist. LEXIS 69683, at *6–7, 2008 WL 4279497 (S.D. W.Va. Sept. 15, 2008) (noting that it was "disingenuous at best" for the defendants to claim that they were unaware of the value of their own counterclaim, and finding removal untimely where "no new information has come to light that would give the defendants an opportunity to remove the case after the initial statutory period of thirty days").

Where the defendants are "able to detect the possibility of fraudulent joinder without any additional information supplied by" other sources, removability is first ascertainable when the defendants receive actual notice of fraudulent joinder. Haythorn, 2006 U.S. Dist. LEXIS 65238, at *9; 2006 WL 2595278 see also, e.g., Day v. Liberty Mut. Fire Ins. Co., No. 1:13CV16, 2013 U.S. Dist. LEXIS 64345, at *14–15, 2013 WL 1890725 (N.D. W.Va. May 6, 2013) ("the defendant must remove within thirty days of the time it can first ascertain that a party has been fraudulently joined") (internal quotations omitted). . . . The defendants had actual knowledge of their own corporate structure and employees from the date this action was filed. That the defendants did not inform outside counsel of their corporate structure until after the thirty day removal period had run is simply irrelevant. Therefore, the proper time for the defendants to remove this case was within thirty days of service of the complaint.

*Bouvette v. Am. Water Works Serv. Co.*, at 3-4. Here, Lowe's clearly knew the true nature of the Plaintiff's claims long before suit was filed (See **Exhibit F**), and it is disingenuous for Lowe's to now suggest that it only learned that this action was removable when it received the Plaintiff's March, 2020 demand letter. Accordingly, the Plaintiff asks that the Court remand this action to the Circuit Court of Kanawha County, West Virginia, and to award Plaintiff her costs pursuant to *28 U.S.C. §1447(c)*.

## CONCLUSION

Defendant Lowe's removed this action more than thirty days after being served with and receiving the *Complaint* even though it knew that the amount in controversy was easily met by Plaintiff's claims at the time of service.  Such a removal is fatally defective on its face pursuant to the plain language of *28 U.S.C. § 1446(c).*  Therefore, for all of the reasons outlined herein, the Plaintiff asks the Court to remand this action to the Circuit Court of Kanawha County, West Virginia, and to award Plaintiff her costs in pursuing the remand of this action.

**LINDA PERSINGER,**

**By counsel,**

/s/ *Brent K. Kesner*

Brent K. Kesner (WVSB #2022)
Shawn C. Gillispie (WVSB #9015)
**Kesner & Kesner, PLLC**
112 Capitol Street
P. O. Box 2587
Charleston, WV   25329
*Phone:* (304) 345-5200
*Fax:*  (304) 345-5265
**bkesner@kesnerlaw.com**

33007/213

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

**LINDA PERSINGER,**

     **Plaintiff,**

**v.**
                                                      **Civil Action No. 2:20-cv-00219**
                                                      **Honorable Irene C. Berger**

**LOWE'S HOME CENTERS, LLC,**

     **Defendant.**

**<u>CERTIFICATE OF SERVICE</u>**

     I, Brent K. Kesner, counsel for the Plaintiff, do hereby certify that on the **31st day of March, 2020**, I electronically filed the foregoing **MOTION TO REMAND** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Elizabeth L. Stryker, Esq.
Monte L. Williams, Esq.
**Steptoe & Johnson, PLLC**
P.O. Box 1616
Morgantown, WV  26507-1616

                                     /s/ *Brent K. Kesner*
                                     Brent K. Kesner (WVSB #2022)
                                     **Kesner & Kesner, PLLC**
                                     112 Capitol Street
                                     P. O. Box 2587
                                     Charleston, WV   25329
                                     *Phone:*  (304) 345-5200
                                     *Fax:* (304) 345-5265
                                     bkesner@kesnerlaw.com

33007/213