IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

LINDA PERSINGER,

           Plaintiff,

v.                            CIVIL ACTION NO.   2:20-cv-00219

LOWE'S HOME CENTERS, LLC,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff's *Motion for Remand* (Document 6), *Lowe's Home Centers, LLC's Response in Opposition to Plaintiff's Motion to Remand* (Document 7), and the *Plaintiff's Reply to Lowe's Homes Centers, Inc.'s Response in Opposition to Plaintiff's Motion for Remand* (Document 8), as well as *Lowe's Home Centers, LLC's Notice of Removal* (Document 1), the Plaintiff's *Complaint* (Document 1-1), and all attached exhibits.  For the reasons stated herein, the Court finds that the motion should be granted.

**FACTUAL ALLEGATIONS**

Plaintiff Linda Persinger filed the Complaint in the Circuit Court for Kanawha County, West Virginia, on or about December 31, 2019.  She named as a Defendant Lowe's Home Centers, LLC.  Ms. Persinger is a West Virginia resident, and Lowe's is a North Carolina LLC with a principal office in North Carolina.  Its members are North Carolina residents.

The complaint alleges that on March 25, 2018, Ms. Persinger and her husband were shopping for fencing at Lowe's.  The fencing was stored standing upright on the floor, secured by a thin wire.  They were unable to find an associate to assist in loading the fencing, and Ms. Persinger's husband removed some pieces of fencing to load onto their cart.  Ms. Persinger

attempted to hold the rest of the fencing upright, but it collapsed, pushing her to the ground and falling on top of her.  She struck her head and was knocked unconscious.  She was taken to the hospital by ambulance.

Ms. Persinger alleges that she suffered temporary and permanent physical injuries; past and future pain and suffering, mental anguish, and emotional distress; past and future medical expenses; past and future loss of enjoyment of life; and other damages.  She seeks a judgment sufficient to compensate her for her losses and damages, pre-and post-judgment interest, attorney fees and costs, and any other just relief.

Prior to filing the complaint, Ms. Persinger, by counsel, communicated with Lowe's regarding her injuries, including a demand for preservation of evidence.  At the request of a company representative, Ms. Persinger's attorney described her injuries and treatment, explaining that she was taken to a hospital, then life-flighted to another hospital where she spent at least five (5) days in the ICU.  Although the letter did not contain a dollar figure, it stated that medical specials would be "substantial."  (Pl.'s Ex. F, Document 6-1 at 15.)

Lowe's received the complaint on or about January 13, 2020.  On January 23, 2020, it sent a letter to the Plaintiff's counsel, requesting a demand package for Ms. Persinger, as well as a thirty-day extension to respond to the complaint with a proposed deadline of March 13, 2020.  On March 6, the Lowe's representative again requested the demand package.  On March 10, 2020, the Plaintiff's counsel indicated that the demand package was in the mail and offered an extension of the answer deadline to coincide with the deadline to respond to the demand.  The demand letter, dated March 10, detailed Ms. Persinger's damages, including detailed descriptions of her injuries and medical care.  The letter sets forth the following settlement demand: "[B]ased on Lowe's

2

negligence in this matter, the significant injuries that likely will result in permanent impairments, her incurred medical expenses of $80,000, and her emotional distress, annoyance and inconvenience and loss of enjoyment of life, Linda Persinger demands $325,000 to resolve this matter." (Demand letter, Pl.'s Ex. E, Document 6-1 at 12-13.)

Lowe's filed its notice of removal on March 25, 2020. The Plaintiff filed her motion to remand on March 31, 2020. The motion is fully briefed and ripe for review.

## APPLICABLE LAW

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a).[1] This Court has original jurisdiction of all civil actions between citizens of different states or between citizens of a state and citizens or subjects of a foreign state where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1)-(2). Generally, every defendant must be a citizen of a state different from every plaintiff for complete diversity to exist. Diversity of citizenship must be established at the time of removal. *Higgins v. E.I. Dupont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir.1998).

Section 1446 provides the procedure by which a defendant may remove a case to a district court under Section 1441. Section 1446 requires that "[a] defendant or defendants desiring to

---

1 Section 1441 states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

3

remove any civil action from a State court shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Additionally, Section 1446 generally requires a defendant to file a notice of removal within thirty days after receipt of the initial pleading. "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant…of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," though a case cannot typically be removed more than one year after its commencement. 28 U.S.C. § 1446(b)(3).

It is a long settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter. *Strawn et al. v. AT &T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted). Accordingly, in this case, the removing defendant has the burden to show the existence of diversity jurisdiction by a preponderance of the evidence. *See White v. Chase Bank USA, NA.*, Civil Action No. 2:08-1370, 2009 WL 2762060, at *1 (S.D. W.Va. Aug. 26, 2009) (Faber, J.) (citing *McCoy v. Erie Insurance Co.*, 147 F.Supp. 2d 481,488 (S.D. W.Va. 2001)). Where the amount in controversy is not specified in the complaint, the defendant must "demonstrate that it is more likely than not that the amount in controversy exceeds the jurisdictional amount." *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S. D. W. Va. 1996) (Copenhaver, J.) In deciding whether to remand, because removal by its nature

4

infringes upon state sovereignty, this Court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

## DISCUSSION

There is no dispute that there is complete diversity between the parties and that the amount in controversy exceeds $75,000. The sole issue is whether the removal was timely. The Plaintiff argues that the Defendant's notice of removal was untimely because it was filed more than thirty (30) days after receipt of the complaint. Lowe's contends that the complaint was not removable at the time it was filed because the amount in controversy could not be ascertained from the face of the complaint. It argues that it filed the notice of removal within thirty days after receipt of the "other paper," in this case a demand letter, that established the amount in controversy. The Plaintiff argues that it was clear that the amount in controversy exceeded the jurisdictional minimum from the time the complaint was filed, based on both the allegations therein and the pre-suit letter more fully detailing the Plaintiff's medical expenses and injuries.

Much of the parties' briefing focused on whether the pre-suit letter may be considered. The Defendant relies on *Lovern v. General Motors*, in which the Fourth Circuit held that "only where an initial pleading reveals a ground for removal will the defendant be bound to file a notice of removal within 30 days. Where, however, such details are obscured or omitted, or indeed misstated….the defendant will have 30 days from the revelation of grounds for removal in an amended pleading, motion, order, or other paper to file its notice of removal, provided that, in diversity cases, no more than a year shall have passed from the date of the initial pleading." *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997). The Fourth Circuit further

explained that courts need not "inquire into the subjective knowledge of the defendant" but could instead "rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper." *Id.* at 162. *Lovern* dealt with whether a defendant was required to remove within thirty days where diversity existed, but the plaintiff's citizenship was not included in the initial pleading. It did not address the question of whether documents exchanged prior to initiation of litigation can, in combination with the allegations in a complaint, place a defendant on notice of jurisdictional facts. However, Judge Goodwin in this district considered *Lovern*'s application to pre-suit documents and concluded that "[d]ocuments filed prior to the filing of the complaint are irrelevant because they are not 'documents exchanged in the case.'" *Shonk Land Co., LLC v. Ark Land Co.*, 170 F. Supp. 2d 660, 662 (S.D.W. Va. 2001) (Goodwin, J.) (quoting *Lovern*, 121 F.3d at 162).

The Court need not reach a conclusion as to whether the pre-suit letter may be considered[2] because the Court finds that the allegations in the complaint, even absent the additional detail contained in the letter, were sufficient to put the Defendant on notice that the amount in controversy exceeded $75,000. The amount in controversy may be determined based on "a number of factors, including the plaintiff's injuries, amounts awarded in similar cases, expenses incurred to date, and settlement demands to make a judicial valuation of what a jury would award the plaintiff assuming the plaintiff prevails." *Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 962

---

2 A letter such as the one at issue here does not require speculation or extensive presentation of evidence to determine that the defendant had the information in its possession, which was the concern raised in *Lovern*. Further, a defendant could likely remove on the basis of such a pre-suit letter. *See, e.g., Sayre v. Potts*, 32 F. Supp. 2d 881, 887 (S.D.W. Va. 1999) (Goodwin, J.), *abrogated by Scaralto v. Ferrell*, 826 F. Supp. 2d 960 (S.D.W. Va. 2011). In this case, in addition to detailing the Plaintiff's injuries, the letter contained a request for preservation of evidence, which courts would consider in the event of a spoliation issue.

(S.D.W. Va. 2011) (Goodwin, C.J.). The Plaintiff alleged that she was knocked unconscious, suffering a head injury, that she was transported to a hospital where she received medical care, and that her injuries were serious and permanent. She alleged that she would require future medical care. In addition to past and future medical bills, she seeks damages for past and future pain and suffering, mental anguish, emotional distress, and loss of enjoyment of life. Although the complaint does not contain a dollar figure—an omission required by West Virginia law—it alleges serious, permanent injuries with both economic and non-economic damages for both past and ongoing harm. No precise dollar figure is necessary to conclude that the amount in controversy is greater than $75,000 in this case.

Lowe's position that it was entitled to await the Plaintiff's specific valuation in a settlement demand would extend the removal deadline indefinitely in most cases filed in West Virginia state court, creating a general rule that removal would follow settlement negotiations or discovery rather than the filing of a complaint. Because the allegations in the complaint were sufficient to establish that the amount in controversy exceeded $75,000, the deadline for removal was thirty days after Lowe's received the complaint, or on or about February 13, 2020. Lowe's filed the notice of removal on March 25, 2020. Accordingly, the Court finds that the Plaintiff's motion to remand must be granted.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Plaintiff's *Motion for Remand* (Document 6) be **GRANTED** and that this matter be **REMANDED** to the Circuit Court of Kanawha County, West Virginia.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Clerk of the Circuit Court of Kanawha County, to counsel of record, and to any unrepresented party.

ENTER: April 27, 2020

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA